(21 App. Div. 138.)

### GOODWIN v. BRENNECKE.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

REAL-ESTATE BROKERS—RIGHT TO COMMISSIONS.
    The mere fact that parties whom a broker for the sale of real property has introduced to one another drop negotiations does not deprive him of his commission, if it is by means of that introduction that they subsequently come together in an agreement.

Appeal from trial term.

Action by Edward L. Goodwin against Mary A. Brennecke and another. From a judgment against defendant Brennecke, and an order entered refusing a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

James B. Lockwood, for appellant.
J. Baptist Marshall, for respondent.

PER CURIAM.   A motion seems to have been made for a new trial, and an order entered thereon granting the same, and dismissing the complaint as to one of the defendants, and denying the motion as to the other.   The appeal, however, is from the judgment alone; consequently the facts are not before us for review.   We can only consider the exceptions appearing in the record.   But one question is raised, and that to the charge of the court.   The action was brought to recover commissions, by a broker, upon a sale of real estate.   The question submitted was whether the broker had brought the parties together, and, if so, was such act the instrumentality by which the sale was consummated?   The court fairly submitted these questions to the jury, in a perfectly plain and fair charge.   The exception is to a request to charge as follows:   "I ask your honor to charge that, notwithstanding the plaintiff first brought these parties together, if the negotiations were subsequently dropped, the fact that the defendant and Flandreaux subsequently came together does not entitle plaintiff to commissions."   The court replied: "I so charge, unless the jury also find that it was by the means of the introduction that they finally got together."   This charge was excepted to, and was followed by other requests; but they do not materially vary the request above quoted, and the charge of the court in answer thereto, except as the court amplifies upon the subject, substantially makes the above charge.   There was no error in the charge.   The request seeks to make liability depend upon whether the negotiations between the parties were dropped.   But, even though negotiations for a time ceased between the parties, and were again renewed, it would not necessarily determine the question of plaintiff's right to commissions.   That depended upon the continuance of his employment or relation to the transaction, and the introduction of the parties as the means by which a sale was finally consummated.   This was the question which the court submitted to the jury for their determination, and we find no error therein.   If we were at liberty to examine the evidence, sufficient appears in the record to support the verdict rendered.

The judgment should be affirmed, with costs.

